UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

In re: ) Case No. 10-12952
)
CHARLES R. LAURIE, ) Chapter 7
)
Debtor. )
) Judge Pat E. Morgenstern-Clarren
_____ )
)
RICHARD A. BAUMGART, TRUSTEE, ) Adversary Proceeding No. 11-1023
)
Plaintiff, )
)
v. )
) **MEMORANDUM OF OPINION**[1]
LAVERNE LAURIE, *et al.*, ) **AND ORDER**
)
Defendants. )

The plaintiff chapter 7 trustee filed this adversary proceeding seeking a determination of rights as to real property and authority to sell both the estate's and defendant LaVerne Laurie's interest in the property. The trustee moves for summary judgment against defendant-debtor Charles Laurie and defendant LaVerne Laurie, and the defendants oppose the motion.[2] For the reasons stated below, the trustee's motion is denied.

## JURISDICTION

Jurisdiction exists under 28 U.S.C. § 1334 and General Order No. 84 entered in this district by the United States District Court for the Northern District of Ohio. This is a core proceeding under 28 U.S.C. §§ 157(b)(2)(A), (K), and (N) and the parties have consented to

---

[1] This opinion is not intended for commercial publication, either print or electronic.

[2] Docket 23, 30, 32.

entry of a final order by this court.³ This decision is within the court's constitutional authority as analyzed by the United States Supreme Court in *Stern v. Marshall*, 131 S.Ct. 2594 (2011); no party disputes that.

## DISCUSSION

### I. Summary Judgment

Summary judgment should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show "that there is no genuine dispute as to any material fact and [that] the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a) (made applicable by FED. R. BANKR. P. 7056); *see also Celotex Corp. v. Catrett,* 477 U.S. 317 (1986); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574 (1986). The moving party generally bears the initial burden of showing that no genuine issue of material fact exists. *Gen. Motors Corp. v. Lanard Toys, Inc.* 468 F.3d 405, 412 (6th Cir. 2006). "[T]hat burden 'may be discharged by 'showing–that is, pointing out to the . . . court–that there is an absence of evidence to support the nonmoving party's case.'" *Id.* (quoting *Bennett v. City of Eastpointe*, 410 F.3d 810, 817 (6th Cir. 2005)). "Once the moving party has satisfied its burden, the nonmoving party may not rest upon its mere allegations or denials of the opposing party's pleadings, but rather it must set forth specific facts showing that there is a genuine issue for trial." *Havensure, L.L.C. v. Prudential Ins. Co. of Am.*, 595 F.3d 312, 315 (6th Cir. 2010). "In determining whether a genuine issue of material fact exists, [the] court draws all inferences in the light most favorable to the nonmoving party." *Id.*

---

³ *See* Joint Pretrial Statement, docket 19.

The issue at this stage is whether there is evidence on which a trier of fact could reasonably find for the nonmoving party. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir. 1989).

## II. The Facts

These facts are undisputed based on the evidence offered in connection with the motion for summary judgment, the pleadings, and the parties' joint pretrial statement and stipulations:

Defendant-debtor Charles Laurie (debtor) filed a chapter 7 case on April 2, 2010. Defendant LaVerne Laurie is the debtor's mother. At present, the debtor's chapter 7 estate and Ms. Laurie each hold an undivided one-half interest in real property located at 7454 Hillbrook Oval, Brecksville, Ohio (the property), which is a private single-family residence. The estate obtained its interest by a default judgment which this court entered in favor of the trustee and against Ms. Laurie in a related adversary proceeding (the fraudulent transfer proceeding). The judgment avoids the debtor's prepetition transfer of his undivided one-half interest in the property to Ms. Laurie as a fraudulent transfer and states that:

> [O]n motion of the Plaintiff, Richard A. Baumgart, Trustee, judgment is hereby entered against Defendant, LaVerne Laurie, in favor of the Plaintiff, and the transfer of the Debtor's undivided one-half interest in the real estate . . . to the Defendant LaVerne Laurie on or about June 23, 2009 . . . is hereby avoided and preserved for the benefit of the within bankruptcy estate[.][4]

The debtor was not named as a party in the fraudulent transfer proceeding.

The property was purchased in 2006 for $280,000.00 and in 2010 the county auditor valued it at $274,400.00. The real estate taxes are current and there are no mortgages, liens, or other claims to the property other than a statutory lien for accruing real estate taxes. The trustee

---

[4] *Baumgart, Trustee v. LaVerne Laurie (In re Charles Laurie)*, Adv. No. 10-1321, docket 13.

and defendant Cuyahoga County Treasurer entered into an agreed partial judgment.[5] To date, the trustee has collected assets totaling $6,500.00 and creditors have filed claims in an amount exceeding $2,000,000.00.

## III. Discussion

### A. The Positions of the Parties

The defendants argue that summary judgment is not appropriate because the debtor's interest in the property which he transferred to Ms. Laurie prepetition was held in constructive trust for Ms. Laurie. As a result, they contend, any interest which the trustee recovered in the related proceeding is an interest held for Ms. Laurie's benefit. Both defendants submitted affidavits to support this characterization of the debtor's interest in the property. Additionally, the defendants argue that the trustee has not established that a sale of Ms. Laurie's interest in the property is appropriate under Bankruptcy Code § 363(h).

The trustee argues that the recovered undivided one-half interest in the property is an asset of the estate which is subject to sale and that LaVerne Laurie is precluded from arguing otherwise based on the res judicata effect of the previous judgment. He argues further that sale of Ms. Laurie's interest in the property is appropriate.

### B. Res Judicata

The defendants attempt to argue that the trustee's recovered interest in the property is an interest held for the benefit of Ms. Laurie. However, the trustee already holds a judgment avoiding the transfer to Ms. Laurie and the issue here is whether the defendants can raise that argument at this point. The trustee argues that they cannot under the doctrine of res judicata,

---

[5] Docket 14.

which is also referred to as claim preclusion. Under that doctrine "a final judgment forecloses successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit." *Taylor v. Sturgell,* 553 U.S. 880, 892 (2008) (internal quotation marks and citation omitted).

    As explained by the Sixth Circuit:

> Res judicata, or claim preclusion as it is more helpfully termed, is the doctrine, simply stated, by which a final judgment on the merits in an action precludes a party from bringing a subsequent lawsuit on the same claim or cause of action or raising a new defense to defeat a prior judgment. . . . It precludes not only relitigating a claim or cause of action previously adjudicated, it also precludes litigating a claim or defense that should have been raised, but was not, in a claim or cause of action previously adjudicated.

*Gargallo v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 918 F.2d 658, 660-61 (6th Cir. 1990) (internal citation omitted). The doctrine is applied "to promote the finality of judgments, which in turn increases certainty, discourages multiple litigation and conserves judicial resources." *Sanders Confectionery Prods., Inc. v. Heller Fin., Inc.*, 973 F.2d 474, 480 (6th Cir. 1992).

    This four-part test is used to determine whether a claim or defense is barred by claim preclusion: (1) a final decision on the merits by a court of competent jurisdiction; (2) a later action between the same parties or their privies; (3) an issue in the later action which was litigated or which should have been litigated in the prior action; and (4) an identity of the causes of action. *Rawe v. Liberty Mut. Fire Ins. Co.*, 462 F.3d 521, 528 (6th Cir. 2006). That test is met here.

    Res judicata does not require that a matter actually be litigated. *See Morris v. Jones*, 329 U.S. 545-550-51 (1947) ("A judgment of a court having jurisdiction of the parties and of the

subject matter operates as res judicata, in the absence of fraud or collusion, even if obtained upon a default." ) (quotation marks and citation omitted). The default judgment entered in the fraudulent transfer proceeding is a final decision on the merits by this court avoiding the transfer to Ms. Laurie and preserving it for the benefit of the chapter 7 estate. The previous litigation involved Ms. Laurie and the trustee, both of whom are parties to this adversary proceeding. And finally, as discussed below, the issue of whether the transferred interest was the debtor's property was directly raised in the fraudulent transfer proceeding and the constructive trust defense is one which Ms. Laurie should have raised in that proceeding.

A debtor does not own an equitable interest in property which he holds in trust for another and such property is not property of the estate. *See* 11 U.S.C. § 541(d). As a result, such an interest is not treated as an interest of the debtor in property for purposes of fraudulent transfer avoidance. *See for example, Golden v. The Guardian (In re Lenox Healthcare, Inc.)*, 343 B.R. 96, 101 (Bankr. D. Del. 2006) ("Because property a debtor holds in trust for another is not property of the estate, transfers of such property cannot be avoided."). Absent a constructive trust, the debtor had an interest in the property which he transferred to Ms. Laurie. The claim or defense that the debtor held the interest transferred in constructive trust for Ms. Laurie is one which she should have raised in the fraudulent transfer proceeding.[6] *See, for example, Gilbert v.*

---

[6] Under Ohio law, a constructive trust is not an actual trust but is an equitable remedy imposed by operation of law against one who holds legal title to property and who in equity should not be entitled to keep the beneficial interest. *Estate of Cowling v. Estate of Cowling*, 847 N.E.2d 405, 411 (Ohio 2006); *Colley v. Colley*, – N.E.2d – , 2009 WL 4936382 at *15 (Ohio Ct. App. 2009). As the imposition of a constructive trust is considered a claim to an equitable remedy rather than an actual trust, it seems likely that the claim or defense would have failed had it been raised. *See Emerson v. Maples (In re Mark Benskin & Co.)*, 59 F.3d 170 at *8 (6th Cir. ) (unpublished opinion).

*Palmer Mfg. and Supply, Inc. (In re Winkle)*, 128 B.R. 529, 535-36 (Bankr. S.D. Ohio 1991) (holding that a debtor's transfer of property to a creditor which was subject to a state court decree imposing a constructive trust in favor of the creditor was not a transfer of the debtor's property and was not subject to avoidance as a fraudulent transfer). Ms. Laurie did not raise it, and res judicata precludes her from doing so now.

Although the debtor was not a party to the fraudulent transfer litigation, his assertion of a constructive trust raises the issue of prudential standing which "encompasses 'the general prohibition on a litigant's raising another person's legal rights[.]'" *Elk Grove Unified Sch. Dist. v. Newdow*, 542 U.S. 1, 12 (2004) (quoting *Allen v. Wright*, 468 U.S. 751 (1984)). The imposition of a constructive trust is a legal remedy which was potentially available to Ms. Laurie, and the debtor lacks standing to assert it here. *See Cassirer v. Sterling Nat'l Bank & Trust Co. of N.Y. (In re Schick)*, 246 B.R. 41, 45-46 (Bankr. S.D.N.Y. 2000) (stating that a constructive trust is a personal remedy which may not be asserted either offensively or defensively by someone other than the beneficiary).

### C. 11 U.S.C. § 363

Bankruptcy Code § 363 provides that the trustee may sell property of the estate, 11 U.S.C. § 363(b), free and clear of another party's interest in the property, 11 U.S.C. § 363(f). Under § 363(h), a trustee may sell both the estate's and a co-owner's interest in property –

> (h) Notwithstanding subsection (f) of this section, the trustee may sell both the estate's interest, under subsection (b) or (c) of this section, and the interest of any co-owner in the property in which the debtor had, at the time of the commencement of the case, an undivided interest as a tenant in common, joint tenant, or tenant by the entirety, only if –

> (1) partition in kind of such property among the
> estate and such co-owners is impracticable;
> (2) sale of the estate's undivided interest in such
> property would realize significantly less for the
> estate than sale of such property free of the interests
> of such co-owners;
>
> (3) the benefit to the estate of a sale of such property
> free of the interests of co-owners outweighs the
> detriment, if any, to such co-owners; and
>
> (4) such property is not used in the production,
> transmission, or distribution, for sale, of electric
> energy or of natural or synthetic gas for heat, light,
> or power.

11 U.S.C. § 363(h). A trustee seeking to sell a co-owner's interest in real property must demonstrate that these conditions are met. *Official Comm. of Unsecured Creditors v. Anderson Senior Living Prop., LLC (In re Nashville Senior Living, LLC)*, 620 F.3d 584, 595 (6th Cir. 2010).

To support his request to sell the property including Ms. Laurie's remaining undivided one-half interest, the trustee submitted an affidavit in which he states that: partition of the property is impracticable because it is a residence and cannot be divided; sale of the estate's undivided one-half interest would yield significantly less for the estate than a sale free of Ms. Laurie's interest; the estate's interest alone may not be saleable as a practical matter; the benefit of a sale free of Ms. Laurie's interest outweighs any detriment which the sale would cause to Ms. Laurie; and the property is not used in the production, transmission, or distribution, for sale, of electric energy or of natural or synthetic gas for heat, light, or power. The defendants submitted affidavits which state that Ms. Laurie resides at the property and that the detriment which a sale would cause to her outweighs any benefit to the estate.

8

Based on the trustee's evidence and the fact that the property is a private single family residence, partition is impracticable. *See Mostoller v. Kelley (In re Kelley)*, 304 B.R. 331, 338 (Bankr. E.D. Tenn. 2003). It is also clear that the property is not used in the production, transmission, or distribution, for sale, of electric energy or of natural or synthetic gas for heat, light, or power. And it appears that a sale of the estate's undivided one-half interest in the property would realize significantly less for the estate than a sale of the property free of Ms. Laurie's interest because the number of buyers for an undivided one-half interest in a house is no doubt limited. The remaining issue is whether the benefit of the sale outweighs the harm which the sale would cause Ms. Laurie. Viewing the parties' evidence in the light most favorable to the defendants, as the court is required to do on summary judgment, there is a genuine issue of fact regarding that issue. Consequently, the court cannot grant summary judgment for the trustee.

## CONCLUSION

For the reasons stated, the plaintiff trustee's motion for summary judgment is denied. The trial will go forward only on the unresolved issue of whether the benefit of the sale to the estate outweighs the harm to Ms. Laurie.

IT IS SO ORDERED.

_____
Pat E. Morgenstern-Clarren
United States Bankruptcy Judge